```
              IN THE UNITED STATES DISTRICT COURT
                 WESTERN DISTRICT OF ARKANSAS
                      TEXARKANA DIVISION
```

JOE LOUIS DANSBY                                          PETITIONER

    V.                    Civil No. 02-4141

LARRY NORRIS, Director of
Arkansas Department of Corrections                        RESPONDENT

### ORDER

Currently before the Court is Petitioner's Motion to Hold Proceedings in Abeyance until Petitioner is Determined Competent to Assist Counsel and for Order Permitting Cell Side Visit by Mental Health Professional (Doc. 85), Respondent's Response (Doc. 79), Petitioner's Reply (Doc. 92), and Respondent's Reply to Petitioner's Reply (Doc. 93). For reasons stated below, Petitioner's Motion is **GRANTED** in part and **DENIED** in part.

Petitioner's counsel allege that Petitioner is not competent, specifically that he is unable to effectively communicate with them and cooperate with them and mental health professionals regarding the issue of whether Petitioner is mentally retarded. In support of their allegation, counsel state that they have not been successful in attempts to communicate with Petitioner since January 2007. (Doc. 85, p. 8.) They also state that Petitioner has refused to meet with mental health professionals associated with his defense team. (Doc. 85.)

Respondent opposes the Motion on the grounds that there is no right to competency during federal habeas proceedings. Respondent

further opposes Petitioner being evaluated by his own expert versus an independent expert appointed by the Court. (Doc. 79.) Respondent is correct that neither the Eighth Circuit Court of Appeals nor the United States Supreme Court have found a right to competency during federal habeas proceedings. However, the Eighth Circuit has provided guidance to district courts involved in inquires regarding a habeas petitioner's claim of current incompetence.

The Eight Circuit addressed competency during federal habeas proceedings in *Clayton v. Roper*, 515 F.3d 784 (8th Cir. 2008). In *Clayton*, the district court decided not to resolve the question of whether a petitioner must be competent to proceed in a habeas claim. Rather, the district court analyzed what level of competency was required to proceed, assuming that competency was required. The district court stated "it must be shown that Clayton is able to 'understand the purpose of the habeas proceeding... recall and relate information relevant to a habeas petition and make limited decisions such as filing or dismissing his petitioner.'" *Id.* at 790 (quoting the district court). The above standard adopted by the district court is substantially similar to the standard stated by the Seventh Circuit Court of Appeals. *Id.* at 791, n. 2; *See Holmes v. Buss*, 506 F.3d 576, 580 (7th Cir. 2007).

In *Clayton*, the district court granted Clayton's request to retain an expert to evaluate his competency. A psychologist at the United States Medical Center for Federal Prisoners also evaluated

Clayton, Dr. Preston. Dr. Preston provided the district court with a report, which included test results and her opinion that Clayton was incompetent. The district court ruled that Clayton was competent, without conducting a competency hearing. In making that decision, the district court noted that "at this stage of his habeas proceedings, Clayton's participation does not require him to make any major decisions." *Clayton*, 515 F.3d at 791. The Eighth Circuit held that "[t]he district court's finding that Clayton is competent is not clearly erroneous." *Id.* at 790-91 (stating that the district court's finding was adequately supported in the record, and the district court did not arbitrarily discount Dr. Preston's competency opinion - but instead placed more emphasis on the objective findings from the tests).

As in *Clayton*, we will assume that competency is required, without answering whether an inmate must be competent to proceed in a habeas action. We limit our assumption to the facts of this case; specifically that Petitioner's competency - in the form of communication and cooperation with counsel in exploring his mental retardation claim - is necessary for the resolution of whether Petitioner is mentally retarded.

Although, the petitioner in *Clayton* was ultimately found competent to proceed without an evidentiary hearing, our review does not simply stop there. It is clear that both the district court and the Eighth Circuit Court of Appeals looked at what level of competency

was necessary at the present stage of the habeas proceeding. In *Clayton*, a high level of competency was not required, as, at that stage of the proceeding, it was not necessary for Clayton to recall and relate much, if any, information to his defense counsel. It appears that Clayton was capable of communicating with counsel and that the majority of his issues were derived from the trial record, without much need for Clayton's assistance. The Eighth Circuit Court of Appeals again addressed the level of competency necessary for different times of habeas proceedings when it stated that "[W]e see no potential prejudice to [petitioner] from alleged incompetence arising after November 2003, given the stage of the habeas litigation and the role of the litigate in the period after claims are developed and briefs are filed." *Paul v. United States*, 534 F.3d 832, 853-54 (8th Cir. 2008) (comparing Paul with *Rohan v. Woodford*, 334 F.3d 803, 818 (9th Cir. 2003), where the entire habeas proceeding was conducted while the petitioner was incompetent).

In the case *sub judice*, Petitioner's counsel have related to the Court that Petitioner has refused to meet with either his counsel or mental health professionals, employed by his counsel, for over two years. Furthermore, Petitioner's assistance is necessary for his mental retardation claim to proceed. This is not a situation where the court can look to the trial transcript and find the information necessary to review a petitioner's claim. Here, the petitioner must be able to communicate and cooperate with counsel and mental health

4

professionals to elicit information to support his claim of mental retardation; at a minimum, Petitioner must be able to participate in a mental health evaluation on the issue of intelligence.  In light of the necessity for Petitioner's cooperation, we find that Petitioner's request for a cell-side visit by a mental health professional to assist in determining whether Petitioner is competent is reasonable. We **GRANT** Petitioner's motion to allow Dr. George Woods, M.D., a psychiatrist, and Petitioner's counsel cell-side access to Petitioner. Upon the completion of the evaluation and report by Dr. Woods, Respondent will be provided an opportunity to request a cell-side mental health evaluation of Petitioner.

Petitioner's request that the habeas proceedings be stayed and held in abeyance is premature and is hereby **DENIED**.  If Petitioner is found to be incompetent to continue in the present habeas action, we will revisit the issue of staying his habeas petition.

The currently scheduled evidentiary hearing, scheduled for March 16, 2009, regarding Petitioner's mental retardation claim is hereby cancelled.  It may be rescheduled at a later time, specifically after it has been shown that Petitioner is competent to proceed.

Upon due consideration, the Court finds that Petitioner's request for a cell-side visit by a mental health professional is **GRANTED**. Accordingly, the Arkansas Department of Correction is ordered to provided Petitioner's counsel and Dr. George Woods, M.D., cell-side access to Petitioner for the purpose of a mental health evaluation.

The time and day of the cell-side access will be determined between Petitioner's counsel and the Arkansas Department of Correction. Petitioner's request to have his habeas petition stayed and held in abeyance until he has been found competent is **DENIED,** as the request is premature.

    IT IS SO ORDERED this 26th day of February 2009.

                                        /S/ Harry F. Barnes
                                        Harry F. Barnes
                                        United States District Judge

AO72A
(Rev. 8/82)