IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JOE LOUIS DANSBY                                              PETITIONER

    V.                            Civil No. 02-4141

LARRY NORRIS, Director of
Arkansas Department of Corrections                            RESPONDENT

## O R D E R

Currently before the Court is Respondent's Motion for Summary Judgment. (Doc. 69). Respondent filed this Motion on October 21, 2008 requesting Summary Judgement be granted, denying Petitioner's claim he was mentally retarded and ineligible for capital punishment pursuant to *Atkins v. Virginia*, 536 U.S. 304 (2002). The basis for Respondent's Motion was that the record was undeveloped on the point of Petitioner's mental retardation claim, and the record did not support such a claim. (Doc. 70). Since the time of Respondent's Motion for Summary Judgment, this Court has permitted a cell-side or in-cell evaluation of Petitioner by his psychiatrist, for the purpose of assessing Petitioner's current mental competency. (Docs. 97, 100). Currently, the Petitioner has a motion pending to allow additional cell-side evaluation, as Petitioner appears not to be communicating with his counsel or psychiatrist and has not been since January of 2007. (*See* Doc. 85, p. 8).

Previously, Petitioner moved to Hold Proceedings in Abeyance until Petitioner is Determined Competent to Assist Counsel. (Doc. 85). The Court denied holding the proceedings in abeyance and has

moved forward with cell-side evaluations of Petitioner, as noted above.  Although holding the case in abeyance was not proper, the Respondent's Motion for Summary Judgment is premature at this time.

Respondent complains of the lack of development of Petitioner's mental retardation claim, however the claim is currently being developed through the cell-side visit of the Mental Health Professional chosen by Petitioner's counsel.  Respondent also has the opportunity to request a cell-side mental health evaluation of Petitioner.  Regardless of the outcome of these visits, Respondent will almost certainly have to, at the least, amend his Motion for Summary Judgment as the results of these evaluations become clear.

Accordingly, Respondent's Motion for Summary Judgment (Doc. 69) is DENIED as premature.  This Order shall in no way restrict Respondent to the refiling of such a Motion as appropriate.

IT IS SO ORDERED this 31st day of August, 2009.

/s/ Harry F. Barnes
Harry F. Barnes
United States District Judge