IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
**TEXARKANA DIVISION**

JOE LOUIS DANSBY                                                              PETITIONER

V.                                   CIVIL NO. 4:02-cv-04141

RAY HOBBS, Director
Arkansas Department of Corrections                                   RESPONDENT

**O R D E R**

Currently before the Court is Petitioner's Motion in Limine to preclude Respondent from calling Andrew Engram and Petitioner Joe Louis Dansby as witnesses at the upcoming competency hearing. (ECF No. 203). Respondent filed a Response to Petitioner's Motion. (ECF No. 210). Petitioner replied. (ECF No. 213). This matter is ripe for consideration.

**I.      BACKGROUND**

On November 18, 2008, Petitioner filed a Motion to Hold Proceedings in Abeyance until Petitioner is Determined Competent to Assist Counsel and for Order Permitting Cell Side Visit by Mental Health Professional. (ECF No. 85). The Court denied Petitioners Motion to Hold in Abeyance but ordered a cell-side mental evaluation to evaluate Petitioner's competency (ECF No. 94), and later conducted an informational hearing at the Arkansas Department of Corrections-Varner Unit to determine if Petitioner wanted to continue with his *Atkins* claim[1] (ECF No. 121).

Subsequently, on April 6, 2010, the Court found the issue of Petitioner's competency was sufficiently raised and ordered Petitioner transferred to a federal medical facility for evaluation. (ECF No. 124). The Court ordered a psychiatric or psychological examination to determine:

---

[1] According to the Supreme Court, execution of mentally retarded individuals is "cruel and unusual punishment" prohibited by the Eighth Amendment. *Atkins v. Virginia,* 536 U.S. 304 (2002).

      (A) whether Petitioner Dansby is suffering from a mental disease or defect, and if so,
          (i)     whether such mental disease or defect render him incapable of communicating with and assisting his counsel or testifying in the proceedings,
          (ii)    whether such mental disease, disorder, or defect renders Petitioner Dansby incapable of a rational understanding of these habeas proceedings, and
          (iii)   whether such mental disease, disorder, or defect may substantially affect Petitioner Dansby's ability to make rational decisions with respect to habeas proceedings, in particular with respect to pursuing or abandoning a claim that he is mentally retarded and ineligible for execution;
(B) whether Mr. Dansby understands he is to be executed and understands the reason for the execution is that he is convicted of the murders of Malissa Clark and Jeffery Lewis; and
(C) Petitioner Dansby's intelligence quotient is and an opinion as to whether Petitioner Dansby is mentally retarded as defined under Ark. Code Ann. § 5-4-618.

(ECF No. 124).

Petitioner was sent to the U.S. Medical Center for Federal Prisoners in Springfield, Missouri ("Springfield Facility"). Dr. DeMier, from the Springfield Facility, submitted to the Court a Forensic Psychological Report detailing his attempted evaluation of Petitioner. (ECF No. 139). After receiving and reviewing Dr. DeMier's report, the Court ordered the upcoming evidentiary hearing to determine Petitioner's competency. (ECF No. 140).

## II.   DISCUSSION

### A.   Andrew Engram

Petitioner first moves to preclude the testimony of Andrew Engram in the upcoming evidentiary hearing. Mr. Engram is a death row inmate and is represented by Public Defender Scott Braden, counsel for Petitioner. In support of his Motion, Petitioner asserts Mr. Engram should be precluded from testifying for the same reasons the Court denied Respondent leave to depose Mr. Engram. Additionally, Petitioner argues that Mr. Engram's testimony cannot be any more detailed or illuminating than the notes which Mr. Engram and Petitioner exchanged and Respondent's are "free to introduce those notes as evidence at the hearing." (ECF No. 203, p. 4). Finally, Petitioner's counsel represents that, pursuant to Arkansas Rule of Professional Conduct 1.7, he will

be forced to withdraw as both Petitioner and Mr. Engram's counsel if Mr. Engram is allowed to testify at the upcoming hearing.

Respondent argues that the notes removed from Petitioner's cell indicate that he corresponded with Mr. Engram as late as August 22, 2010 regarding his legal situation. Because Petitioner has not discussed his legal situation with others, Respondent contends that Mr. Engram's testimony is critical to the issue of Petitioner's competency. Respondent further argues that Petitioner's counsel should not be allowed to use the Arkansas Rules of Professional Conduct as a sword to prohibit presentation of evidence that is unquestionably relevant and critical to Respondent's defense. Respondent contends that there is ample time before the upcoming hearing for a substitute public defender to learn Petitioner's case, and that Mr. Engram will not be prejudiced because his case is currently stayed in the Eastern District of Arkansas awaiting action in the Arkansas State Courts.

Petitioner replied that Respondent has no basis for his representation that Mr. Engram possesses critical information relevant to Petitioner's competency. Further, Petitioner asserts that any replacement counsel for Petitioner would need to review and digest thousands of pages of documents and records, as well as, interview mental health and social history witnesses relevant to the competency issue alone. Additionally, Petitioner reiterates his argument that the Court should adopt its previous ruling and preclude Mr. Engram's testimony.

As it held on September 20, 2011, the Court will defer to the judgment of counsel regarding the existence of a disabling conflict, and will trust that counsel's representation of the same is "virtually made under oath." (ECF No. 194) (quoting *Holloway v. Arkansas,* 435 U.S. 475, 485-6 (1978)). Petitioner's counsel has represented (1) that he will be forced to withdraw as counsel for both Petitioner and Mr. Engram if Mr. Engram testifies; and (2) that it will be a hardship for any

substitute attorney to assimilate the complex issues and voluminous records in Petitioner's *habeas* proceeding before the upcoming hearing. Additionally, Petitioner suggests that Respondent may introduce the notes exchanged between Mr. Engram and Petitioner that are the subject of Mr. Engram's proposed testimony. Therefore, the Court finds the conflict impact on Petitioner outweighs any prejudice suffered by Respondent by foregoing the testimony of Mr. Engram.

      B.      Joe Louis Dansby

Second, Petitioner moves to preclude his own testimony. Petitioner argues he has a Fifth Amendment right against self-incrimination, is not competent to waive this right, is not competent to testify, any testimony by Petitioner would be without the advice of counsel, and Petitioner is incompetent to waive his right to counsel.

Respondent argues that any Fifth Amendment privilege Petitioner maintains in this *habeas* proceeding may be invoked as necessary during his testimony and addressed by the Court at that time. The complete preclusion of testimony is unnecessary.

In his Reply, Petitioner reiterates his arguments why Petitioner should be precluded from testifying.

      1.      Fifth Amendment

The Respondent proposes that instead of wholly precluding Petitioner's testimony, the Court allow Petitioner to testify and entertain Petitioner's assertions of his Fifth Amendment privilege at the hearing as necessary. *See Bean v. Calderon,* 166 F.R.D. 452, 453 (E.D. Cal. 1996) (holding that the respondent may depose the petitioner and the petitioner may invoke his Fifth Amendment privileges during the deposition, however, "the court may draw an adverse inference from its invocation if the questions to which the privilege is asserted directly relate to an allegation made

by petitioner in his verified petition, and the questions are otherwise not objectionable.").

The Fifth Amendment protects individuals from being compelled "in any criminal case to be a witness against himself." U.S. Const. amend. V. It is well settled that *habeas* proceedings are civil proceedings. *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994). Additionally, it is Petitioner who brought this *habeas* proceeding, and Petitioner who bears the burden of proof in establishing his conviction is faulty. *See Wessling v. Bennett*, 410 F.2d 205, 209 (8th Cir. 1969). As such, the Court held in its March 15, 2010 Order, Petitioner cannot present claims in this capital *habeas* proceeding, and then claim a Fifth Amendment right to remain silent concerning those claims. (ECF No. 117).

In the present Motion, Petitioner did offer case law in support of his contention, however, Petitioner did not provide any precedence recognizing a petitioner's right to assert the Fifth Amendment privilege in a *habeas* proceeding.[2] Thus, the Court will not diverge from its previous ruling. The Court will, however, adopt Respondent's proposition of allowing Petitioner to testify and entertaining any Fifth Amendment privilege assertions as necessary at the hearing. *See e.g., Bean v. Calderon,* 166 F.R.D. 452 (E.D. Cal. 1996).

Therefore, the Court will not preclude Petitioner's testimony. The Petitioner, or his counsel, are free to assert Petitioner's Fifth Amendment privilege in response to specific questions at the hearing. The Court will address any such assertions at that time.

  2. <u>Incompetency</u>

---

[2] The Court notes that Petitioner cites "*Nooner v. Norris*, No. 08-cv-3 (E.D. Ark.) (Order, Sept. 17, 2009) in support of his contention that the Fifth Amendment has been held to apply in *habeas* proceedings in certain situations. The Court was unable to locate the Order cited and therefore, could not rely upon it.

Preclusion of Petitioner's testimony based on his arguments that he is incompetent to testify and incompetent to waive right to counsel at the upcoming hearing is premature. The purpose of the upcoming hearing is to determine Petitioner's competency. The Court cannot, at this stage, wholly preclude Petitioner from testifying based on the assertion he is incompetent when the issue of Petitioner's competency is yet to be determined.

### 3. Right to counsel

Finally, the Court also cannot preclude Petitioner's testimony based on the fact that it will be "uncounseled testimony." Petitioner will be given the opportunity to consult with his counsel prior to the hearing. While the Court recognizes Petitioner's past refusals to cooperate with his counsel, it is not certain that he will refuse to speak with his counsel prior to the upcoming hearing. Additionally, Petitioner's counsel will be present during any testimony given by Petitioner and available to make objections and arguments if necessary. Therefore, even if Petitioner refuses to speak with his counsel prior to the hearing, he will nevertheless be afforded the benefit of representation at the hearing.

### III. CONCLUSION

Accordingly, Petitioner's Motion in Limine is **GRANTED** in part and **DENIED** in part. Specifically, (1) Respondent is precluded from calling Andrew Engram to testify at the upcoming competency hearing, however, (2) Respondent may solicit testimony, relevant to his competency, from Petitioner.

IT IS THEREFORE ORDERED this 19th day of September 2012.

/s/ Susan O. Hickey
Hon. Susan O. Hickey
United States District Judge