IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
**TEXARKANA DIVISION**

JOE LOUIS DANSBY                                                                                    PETITIONER

V.                                           CIVIL NO. 4:02-cv-04141

RAY HOBBS, Director
Arkansas Department of Corrections                                                          RESPONDENT

**O R D E R**

Currently before the Court is Petitioner's Motion in Limine to exclude evidence and testimony at the upcoming evidentiary hearing related to whether Petitioner is mentally retarded. (ECF No. 204). Respondent filed a Response to Petitioner's Motion. (ECF No. 211). Petitioner replied. (ECF No. 212). This matter is ripe for consideration.

**I.      BACKGROUND**

On November 18, 2008, Petitioner filed a Motion to Hold Proceedings in Abeyance until Petitioner is Determined Competent to Assist Counsel and for Order Permitting Cell Side Visit by Mental Health Professional. (ECF No. 85). The Court denied Petitioners Motion to Hold in Abeyance but ordered a cell-side mental evaluation to evaluate Petitioner's competency (ECF No. 94), and later conducted an informational hearing at the Arkansas Department of Corrections-Varner Unit to determine if Petitioner wanted to continue with his *Atkins* claim[1]  (ECF No. 121).

Subsequently, on April 6, 2010, the Court found the issue of Petitioner's competency was sufficiently raised and ordered Petitioner transferred to a federal medical facility for evaluation. (ECF No. 124). The Court ordered a psychiatric or psychological examination to determine:

---

[1] According to the Supreme Court, execution of mentally retarded individuals is "cruel and unusual punishment" prohibited by the Eighth Amendment. *Atkins v. Virgina,* 536 U.S. 304 (2002).

      (A) whether Petitioner Dansby is suffering from a mental disease or defect, and if so,
- (i) whether such mental disease or defect render him incapable of communicating with and assisting his counsel or testifying in the proceedings,
- (ii) whether such mental disease, disorder, or defect renders Petitioner Dansby incapable of a rational understanding of these habeas proceedings, and
- (iii) whether such mental disease, disorder, or defect may substantially affect Petitioner Dansby's ability to make rational decisions with respect to habeas proceedings, in particular with respect to pursuing or abandoning a claim that he is mentally retarded and ineligible for execution;

(B) whether Mr. Dansby understands he is to be executed and understands the reason for the execution is that he is convicted of the murders of Malissa Clark and Jeffery Lewis; and

(C) Petitioner Dansby's intelligence quotient is and an opinion as to whether Petitioner Dansby is mentally retarded as defined under Ark. Code Ann. § 5-4-618.

(ECF No. 124).

Petitioner was sent to the U.S. Medical Center for Federal Prisoners in Springfield, Missouri ("Springfield Facility"). Dr. DeMier, from the Springfield Facility, submitted to the Court a Forensic Psychological Report detailing his attempted evaluation of Petitioner. (ECF No. 139). After receiving and reviewing Dr. DeMier's report, the Court ordered the upcoming evidentiary hearing to determine Petitioner's competency. (ECF No. 140).

## II.    DISCUSSION

Petitioner moves to exclude the expert testimony of Dr. DeMeir, the court appointed mental health expert, regarding his opinion on whether Petitioner is mentally retarded. Petitioner asserts that such testimony is not encompassed by the stated purpose of the hearing—to determine whether Petitioner is competent to aide his attorneys and continue in this *habeas corpus* proceeding—and would be irrelevant to the issue of competency under Federal Rules of Evidence 401 and 402. Petitioner goes on to argue that even if such evidence is minimally probative of his present competency, it should be excluded on grounds of prejudice and confusion under Federal Rule of

Evidence 403.  Finally, Petitioner asserts Dr. DeMier's opinion on whether Petitioner is mentally retarded should be excluded pursuant to the Due Process Clauses of the Fifth and Fourteenth Amendment because Petitioner's counsel has not been provided sufficient notice to prepare to argue whether Petitioner is mentally retarded.

In his Response, Respondent recognizes that the purpose of the upcoming hearing is to determine the competency of Petitioner to assist in these *habeas corpus* proceedings.  Further, Respondent states he does not presently intend to call Dr. DeMier as a witness or affirmatively solicit testimony from Dr. DeMier on whether Petitioner is mentally retard.  Respondent does, however, represent that he will solicit testimony regarding Petitioner's intelligence if (1) it is relevant to an assessment of Petitioner's competency; or (2) on cross-examination of Dr. DeMier, if appropriate, based on his direct-examination testimony.  Finally, Respondent points out that the evidentiary hearing has been continued and Petitioner's Due Process claims regarding preparation and notice no longer support exclusion.

In his Reply, Petitioner argues that Respondent should not be allowed to question Dr. DeMier regarding Petitioner's intelligence, even in the limited manner suggested, because Dr. DeMier's testimony is barred by Federal Rule of Evidence 702.  Petitioner contends that Dr. DeMier's opinion on Petitioner's intelligence should be excluded because it is based on insufficient facts or data due to Petitioner's unwillingness to cooperate in any of Dr. DeMier's testing.  Petitioner also argues that his Due Process argument is not based solely on limited time.  Instead, Petitioner asserts that counsel cannot prepare to argue the issue of Petitioner's intelligence due to Petitioner's incompetency.

A. <u>Purpose and scope of hearing</u>

The parties recognize, and the Court agrees, that the purpose of the upcoming evidentiary hearing is to gather evidence in order to determine whether Petitioner is competent to assist his counsel and proceed in these *habeas corpus* proceedings. It is also agreed by the parties and the Court that evidence and arguments regarding Petitioner's *Atkins* claim will not be offered or heard at the upcoming hearing. Therefore, it is well settled that the purpose and scope of the upcoming evidentiary hearing is limited to the issue of Petitioner's competency.

B. <u>Rule 401 and 402</u>

The Court cannot, at this stage, find that all evidence and testimony regarding Petitioner's intelligence is irrelevant to the issue of Petitioner's competency. *See Clayton v. Luebbers,* Civil No. 02-8001, 2006 U.S. Dist. LEXIS 25128, at *6 (W.D. Mo. April 27, 2006) (in *habeas corpus* proceeding, on a motion to stay for reasons of incompetency, the court considered deposition testimony from an expert regarding the petitioner's IQ and intellectual functioning). It is possible testimony regarding Petitioner's intelligence may have a tendency to make a fact, regarding Petitioner's competency, more or less probable than it would be without the evidence. *See* Fed. R. Evid. 401. Petitioner has not cited the Court any statute, rule, or Constitutional provision prohibiting such testimony. *See* Fed. R. Evid. 402. Additionally, Dr. DeMier's opinion regarding Petitioner's intelligence is included in the report he submitted to the Court. Therefore, there is no unfair prejudice to outweigh any probative value the testimony may have. *See* Fed. R. Evid. 403. Furthermore, this is not a jury trial, and the Court recognizes Petitioner's *Atkins* claim is not the subject of the upcoming hearing. The issues will not be confused, and any testimony allowed regarding Petitioner's intelligence will only be used as it is relevant to the issue of Petitioner's

competency.

      C.      Due Process

The Court will not hear arguments on Petitioner's *Atkins* claim at the upcoming hearing. Therefore, there is no threat of the Due Process violations asserted by Petitioner.

      D.      Rule 702

The Court also declines, at this time, to exclude Dr. DeMier's testimony under Rule 702. Petitioner first raises his Rule 702 argument in his Reply. Respondent did not file a Sur-Reply. The Court would benefit from more complete briefing on Petitioner's Rule 702 argument. If Petitioner wishes to exclude Dr. DeMier's expert testimony based on Rule 702, the Court suggests he file an appropriate *Daubert* motion to allow the Court the benefit of full briefing on the issue.

**III.**    **CONCLUSION**

Accordingly, Petitioner's Motion in Limine (ECF No. 204) is hereby **DENIED**. However, the Court reiterates the purpose of this hearing is to determine Petitioner's competency and not to argue his *Atkins* claim. As such, testimony on Petitioner's intelligence will only be allowed if it proves to be relevant to the issue of competency and will not cause undue delay or waste the time of the Court and the parties.

**IT IS SO ORDERED**, this 19th day of September 2010.

                                          /s/ Susan O. Hickey
                                          Hon. Susan O. Hickey
                                          United States District Judge